Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MEENA ARTHUR DATTA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MEENA ARTHUR DATTA, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> ASSET RECOVERY SOLUTIONS, LLC, an Illinois limited liability company; and OLIPHANT FINANCIAL, LLC, a Florida limited liability company, <br><br> Defendants. | Case No. _____ <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> 15 United States Code § 1692 *et seq.* <br> California Civil Code § 1788 *et seq.* |

Plaintiff, MEENA ARTHUR DATTA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.     This is a consumer class action brought pursuant to the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff, MEENA ARTHUR DATTA, on behalf of herself and all persons similarly situated, seeks declaratory judgment and statutory damages against Defendants arising from their routine practice of sending collection letters in envelopes, like the one sent to Plaintiff, which disclose the identifying number of the consumer's account and the business name "Asset Recovery Solutions, LLC" on the envelope.

## II.  JURISDICTION

2.     Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6.    Plaintiff, MEENA ARTHUR DATTA, is a natural person residing in Santa Clara County, California.   At all times material hereto, Plaintiff and each member of the class she seeks to represent, were and are each a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.    Defendant, ASSET RECOVERY SOLUTIONS, LLC (hereinafter "ARS"), is an Illinois limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 2200 E. Devon Avenue, Suite 200, Des Plaines, Illinois 60018.   ARS may be served as follows: Asset Recovery Solutions, LLC, c/o CT Corporation System, 208 S. Lasalle Street, Suite 814, Chicago, Illinois 60604.   The principal business of ARS is the collection of defaulted consumer debts using the mails and telephone, and ARS regularly attempts to collect defaulted consumer debts alleged to be originally due another.   ARS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).   ARS routinely sends collection letters in envelopes in the form sent to Plaintiff, which disclose the identifying number of the consumer's account and the business name "Asset Recovery Solutions, LLC" on the envelope.

8.    Defendant, OLIPHANT FINANCIAL, LLC (hereinafter "OLIPHANT"), is a Florida limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 9009 Town Center Parkway, Lakewood Ranch, Florida 34202.   OLIPHANT may be served at the address of its Agent for Service of Process at: Oliphant Financial, LLC, c/o John E. Wagner, II, Registered Agent, 200 South Orange Avenue, Sarasota, Florida 34236.   The principal business of OLIPHANT is the collection of defaulted consumer debts using the mails and telephone, and OLIPHANT regularly attempts to collect defaulted consumer debts alleged to be due another.   OLIPHANT is a "debt collector" within the meaning of 15 U.S.C. §

1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed, believes and thereon alleges, that OLIPHANT is vicariously liable to Plaintiff, and the class she seeks to represent, for the acts of ARS.[1]

9.   At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## VI.  FACTUAL ALLEGATIONS

10.   On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by HSBC Bank Nevada, N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes (*e.g.* purchase of home appliances, etc.) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.   Plaintiff is informed and believes, and thereon alleges, that sometime after she defaulted on her consumer credit account with HSBC Bank Nevada, N.A., the defaulted debt was sold, assigned, or otherwise transferred from HSBC Bank Nevada, N.A., to Capital One, N.A., either directly or through a series of intermediate assignees.

12.   Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to her, the debt was sold, assigned, or otherwise transferred from Capital One, N.A., to

---

[1]  See, *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken"); *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

OLIPHANT, either directly or through a series of intermediate assignees.

13.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to her, the debt was consigned, placed, or otherwise assigned to ARS by OLIPHANT for the purposes of collection from Plaintiff.

14.    Thereafter, ARS sent a collection letter to Plaintiff, on behalf of OLIPHANT, which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.    A true and accurate copy of the collection letter from ARS to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.    The collection letter (Exhibit "1") is dated January 14, 2014.

17.    The collection letter (Exhibit "1") was the first written communication from ARS to Plaintiff in connection with the collection of the debt originally owed to HSBC Bank Nevada, N.A.

18.    The collection letter (Exhibit "1") was sent in a glassine window envelope through which information printed on the collection letter could be seen by anyone who handled the envelope.

19.    A true and accurate copy of the envelope which contained the collection letter (Exhibit "1") from ARS to Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20.    Defendants' collection letter (Exhibit "1") and the glassine window envelope (Exhibit "2") in which it was mailed were designed to show Plaintiff's name and address, which were printed on the letter, through the glassine window in the envelope to anyone who handled or processed the envelope while in transit to Plaintiff.

21.    Defendants' collection letter (Exhibit "1") and the glassine window envelope (Exhibit "2") in which it was mailed were designed to disclose Defendants' identifying number for

Plaintiff's account (i.e. "ARSL/1/6474509"), and a barcode containing the same information, to anyone who handled or processed the envelope while in transit to the Plaintiff.[2]

22.     Defendants' collection letter (Exhibit "1") and the glassine window envelope (Exhibit "2") in which it was mailed were designed to display the following return address:

Asset Recovery Solutions, LLC
2200 E. Devon Ave Ste 200
Des Plaines, IL  60018-4501

23.     The business name "Asset Recovery Solutions, LLC" in the return address on Defendants' envelope (Exhibit "2") indicates that it was sent by a company that is in the business of collecting debts.

## VII.  DEFENDANTS' ROUTINE PRACTICES

24.     It is the standard practice and policy of Defendants to send, or cause to be sent, collection letters in glassine window envelopes in the form of Exhibit "2" which seek to collect defaulted debts incurred for personal, family, or household purpose.

25.     It is the standard practice and policy of Defendants to send collection letters in glassine envelopes in the form of Exhibit "2" which disclose Defendants' identifying number for the consumer's account, and a barcode containing the same information, to anyone who handled or processed the envelope while in transit to the consumer.

26.     It is the standard practice and policy of Defendants to send collection letters and envelopes in the form of Exhibit "2" which contain the business name "Asset Recovery Solutions, LLC" in the return address, thereby indicating to anyone who handled or processed the envelope while in transit to the consumer, that it was sent by a company that is in the business of collecting debts.

## VIII.  CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of a class of all other persons similarly

---

[2]  See, *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

situated.

28.     Plaintiff tentatively defines the class as (i) all persons with addresses in California, (ii) to whom ARS sent, or caused to be sent, a collection letters in the form of Exhibit "1" in an envelope in the form of Exhibit "2" on behalf of OLIPHANT, (iii) in an attempt to collect an alleged debt originally owed to HSBC Bank Nevada, N.A., (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office, (vi) during the period one year prior to the date of filing this action through the date of class certification.

29.     The class is so numerous that joinder of all members is impractical.   On information and belief, collection envelopes in the form of Exhibit "2" have been sent to hundreds of California class members.

30.     There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members.  The common questions include:

a.     Whether Defendants are debt collectors;

b.     Whether Defendants sent collection envelopes which disclose Defendants' identifying number for the consumer's account, in violation of 15 U.S.C. § 1692f(8) and/or Cal. Civil Code § 1788.17;

c.     Whether Defendants sent collection envelopes displaying a barcode containing Defendants' identifying number for the consumer's account, in violation of 15 U.S.C. §1692f(8) and/or Cal. Civil Code § 1788.17; and

d.     Whether Defendants sent collection envelopes which contained the business name "Asset Recovery Solutions, LLC" in the return address, thereby indicating to anyone who handled or processed the envelope while in transit to the consumer, that it was sent by a

company that is in the business of collecting debts, in violation of 15 U.S.C. § 1692f(8) and/or Cal. Civil Code § 1788.17.

31.    There are no individual questions of law or fact, other than whether a class member was sent the offending collection envelope, which can be determined by ministerial inspection of Defendants' records.

32.    Plaintiff will fairly and adequately represent and protect the interest of the class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.  Plaintiff and her counsel will vigorously pursue this matter.

33.    Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

34.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the class members who received collection letters in the form of Exhibit "1" in glassine envelopes in the form of Exhibit "2" have no knowledge that their rights are being violated by illegal collection practices.   The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000.  Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

35.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

- 8 -
CLASS ACTION COMPLAINT

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IX.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

36.    On behalf of herself and the class she seeks to represent, Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

37.    Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

38.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

39.    Defendant, ARS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40.    Defendant, OLIPHANT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

41.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

42.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants sent Plaintiff a collection envelope in the form of Exhibit "2" which disclosed Defendants' identifying number for Plaintiff's account to anyone who handled or processed the envelope while in transit to Plaintiff, in violation of 15 U.S.C. § 1692f(8);

b.    Defendants sent Plaintiff a collection envelope in the form of Exhibit "2"

which displayed a barcode containing Defendants' identifying number for Plaintiff's account to anyone who handled or processed the envelope while in transit to Plaintiff, in violation of 15 U.S.C. § 1692f(8); and

        c.    Defendants sent Plaintiff a collection envelope in the form of Exhibit "2" which contained the business name "Asset Recovery Solutions, LLC" in the return address, thereby indicating to anyone who handled or processed the envelope while in transit to Plaintiff, that it was sent by a company that is in the business of collecting debts, in violation of 15 U.S.C. § 1692f(8).

43.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

44.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

45.    On behalf of herself and the class she seeks to represent, Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

46.    Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

47.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

48.    Defendant, ARS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

49.    Defendant, OLIPHANT, is a "debt collector" as that term is defined by the

RFDCPA, Cal. Civil Code § 1788.2(c).

50.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51.     Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.     Defendants sent Plaintiff a collection envelope in the form of Exhibit "2" which disclosed Defendants' identifying number for Plaintiff's account to anyone who handled or processed the envelope while in transit to Plaintiff, in violation of Cal. Civil Code § 1788.17;[3]

b.     Defendants sent Plaintiff a collection envelope in the form of Exhibit "2" which displayed a barcode containing Defendants' identifying number for Plaintiff's account to anyone who handled or processed the envelope while in transit to Plaintiff, in violation of Cal. Civil Code § 1788.17;[4] and

c.     Defendants sent Plaintiff a collection envelope in the form of Exhibit "2" which contained the business name "Asset Recovery Solutions, LLC" in the return address, thereby indicating to anyone who handled or processed the envelope while in transit to Plaintiff, that it was sent by a company that is in the business of collecting debts, in violation of Cal. Civil Code § 1788.17.[5]

52.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

53.     As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil

---

[3]  15 U.S.C. § 1692f(8).
[4]  15 U.S.C. § 1692f(8).
[5]  15 U.S.C. § 1692f(8).

CLASS ACTION COMPLAINT

Code § 1788.30(b).

54.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[6]

55.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

56.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Certify this litigation to proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3);

c)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(8);

d)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;[8]

e)   Award Plaintiff and the class members the maximum amount of statutory damages available, pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

f)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.17; and

---

[6]  15 U.S.C.§ 1692k(a)(2)(A).
[7]  15 U.S.C.§ 1692k(a)(3).
[8]  15 U.S.C. § 1692g(a)(2).

g)  Award Plaintiff and the class such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MEENA ARTHUR DATTA


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MEENA ARTHUR DATTA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.