Mark E. Ellis - 127159
Brandon L. Reeves - 242897
Ephraim Egan - 278122
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
breeves@ellislawgrp.com
eegan@ellislawgrp.com

Attorneys for Defendant OLIPHANT FINANCIAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEENA ARTHUR DATTA,<br><br>　　Plaintiff,<br><br>v.<br><br>ASSET RECOVERY SOLUTIONS, LLC, AND OLIPHANT FINANCIAL, LLC,<br><br>　　Defendants. | Case No.: 5:15-CV-00188 PSG<br><br>**DEFENDANT OLIPHANT FINANCIAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>DATE: March 31, 2015<br>TIME: 10:00 a.m.<br>DEPT: 5 |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 31, 2015 at 10:00 a.m. in Courtroom 5, on the 4th Floor of the above-entitled Court located at 280 S. First Street, San Jose, California, or as soon thereafter after this matter is reassigned, Oliphant Financial, LLC, will, and hereby does, move for an order dismissing plaintiff's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the grounds that plaintiff's complaint fails to state a claim upon which relief against Oliphant Financial, LLC can be granted as to defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692, *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code section 1788, *et seq.* This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, plaintiff's complaint on file herein, and any further briefing, evidence, or argument that may be presented to the Court at or prior to the hearing of this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Oliphant Financial, LLC (hereinafter "Oliphant") brings this motion to dismiss each and every one of the claims for relief set forth in plaintiff's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as the complaint does not allege a viable claim against Oliphant.

Plaintiff's *entire* complaint is based on the allegation that *defendant Asset Recovery Solutions, LLC* ("Asset Recovery") – not Oliphant – sent a collection letter to plaintiff using an envelope that allegedly displayed plaintiff's private information about her unpaid debt to anyone who viewed the envelope. Plaintiff alleges the envelope violated the FDCPA and Rosenthal Act in three ways: (1) by revealing a jumble of letters and numbers that were printed on the enclosed letter that allegedly include plaintiff's ID number with Asset Recovery; (2) by printing a barcode on the envelope that, when scanned, reveals plaintiff's ID number with Asset Recovery; and (3) by printing the name "Asset Recovery Solutions, LLC" on the envelope, which name allegedly implies debt collection activity.

But there are *no allegations* in the complaint of any wrongdoing by Oliphant. Instead, plaintiff baldly asserts "on information and belief" that Oliphant should be held vicariously liable for what

- 1 -

appeared on the envelope used by Asset Recovery. (*See* Compl. ¶ 8). This allegation is plainly insufficient. It is pled as a bare legal conclusion, devoid of any supporting facts whatsoever.

At a minimum, to properly plead vicarious liability under the FDCPA or Rosenthal Act, plaintiff must allege that Oliphant exercised the requisite control over Asset Recovery. See **Freeman v. ABC Legal Services Inc.**, 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011). Since plaintiff made no attempt to do that here, the complaint fails to meet the minimal pleading requirements established by the Supreme Court in **Ashcroft v. Iqbal** ("**Iqbal**"), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), and **Bell Atlantic Corp. v. Twombly** ("**Twombly**"), 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1964-1965 (2007), and is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

For these and other reasons set forth below, Oliphant requests that this Court dismiss plaintiff's complaint as to Oliphant.

## II. ALLEGATIONS IN THE COMPLAINT

The complaint alleges two counts. Count I alleges violations of the FDCPA, specifically 15 U.S.C. section 1692f(8); and Count II alleges violations of the California Rosenthal Act, specifically California Civil Code section 1788.17, which incorporates alleged violations of the FDCPA and makes such conduct a violation of the Rosenthal Act. *Complaint* ¶¶ 36-56.

Plaintiff admits she incurred a financial obligation with HSBC Bank Nevada, N.A., eventually defaulting on said account. *Complaint* ¶¶ 10-11. The debt was subsequently sold, assigned, or transferred to Oliphant. *Complaint* ¶ 12. Oliphant then sold, assigned, or transferred the debt to Asset Recovery. *Complaint* ¶ 13.

Subsequently, Asset Recovery attempted to collect the debt by sending a letter to plaintiff. *Complaint* ¶ 14. The letter was sent in a "glassine" window envelope which allegedly allowed certain private information contained in the collection letter to be visible to anyone who handled the envelope. *Complaint* ¶ 20. A copy of the envelope and the enclosed letter are both attached to the complaint as exhibits. *Complaint* – Exhibits 1 and 2.

The letter and envelope are both addressed from Asset Recovery, and contain Asset Recovery's letterhead. *Id.* The letter identified the number 6474509 as plaintiff's ID Number. *Id.* This ID number is different from the original account number on plaintiff's account. *Id.* The only reference in

- 2 -

the letter to Oliphant is a single reference to Oliphant being the "current creditor." Complaint, Exh 1.

As indicated above, all of plaintiff's allegations arise from the receipt of this single communication from Asset Recovery. *Complaint* ¶¶ 14-19. The complaint makes no mention of Oliphant's exercise of control over Asset Recovery, or of Oliphant's participation in the sending of the letter and envelope to plaintiff. The complaint merely alleges that the collection letter was sent "on behalf of Oliphant." *Complaint* ¶ 14. Additionally, plaintiff makes the bald assertion that she "is informed, believes and thereon alleges, that OLIPHANT is vicariously liable to Plaintiff, and the class she seeks to represent, for the acts of ARS." *Complaint* ¶ 8.

On these facts, plaintiff alleges that *both* defendants used unfair and unconscionable means to collect a debt in three ways: 1) using an envelope that displayed her ID number with Asset Recovery; 2) using an envelope that contained a barcode which, if scanned, revealed her ID number with Asset Recovery; and 3) using an envelope which contained the business name "Asset Recovery Solutions, LLC" – a name which allegedly indicates to anyone viewing the envelope that "Asset Recovery Solutions, LLC" is a debt collector and therefore the letter contained inside the envelope must be an attempt by Asset Recovery to collect a debt from plaintiff. *Complaint* ¶ 42.

### III. LEGAL ANALYSIS

**A.   Standards for a Motion to Dismiss.**

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." **Navarro v. Block**, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of Rule 12(b)(6), "claim," means a set of facts that, if established, entitle the pleader to relief. **Twombly**, *supra*, 550 US at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face." **Iqbal**, *supra*, 556 U.S. at 678.

Thus, when evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving party. **Barron v. Reich**, 13 F.3d 1370, 1374 (9th Cir. 1994). But the court is not required to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." **Clegg v. Cult Awareness Network**, 18 F.3d 752, 754-755 (9th Cir.

- 3 -

DEFENDANT OLIPHANT FINANCIAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1994). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a claim for relief will not do." **Iqbal**, *supra*, at 678.

**Iqbal** and **Twombly** contemplate a two-step analysis to determine whether a complaint has been pled sufficiently to overcome a motion to dismiss: First, naked legal conclusions are not accepted as true for the purposes of the complaint's sufficiency. **Iqbal**, *supra*, 556 U.S. at 678-679 [citing **Twombly**, *supra*, 550 U.S. at 555]. Second, the court reviews the factual allegations of the complaint to determine if they plausibly suggest entitlement to relief. **Iqbal**, *supra*, 556 U.S. at 678-681 [analyzing **Twombly**]. As noted by the Supreme Court in **Iqbal**,

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation… A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a case will not do…' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

*Id.* at 678.

Determining whether a complaint states a claim for relief is a "context specific task." *Id.* at 679. But in any context, conclusions, without supporting factual allegations will not withstand a motion to dismiss. **Iqbal**, *supra*, 556 U.S. at 678 ("[W]e are not bound to accept as true legal conclusions couched as a factual allegation."); **Maxwell v. Union Fidelity Mortgage, Inc.**, 2009 WL 426189, *2 (E.D. Cal 2009) ("[C]onclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted.").

The Rule 8 pleading standards are not merely procedural. They serve a significant function as a barrier to frivolous litigation. As **Twombly** explained, the purpose is to ensure that a plaintiff can show "something beyond the mere possibility of loss […] lest a plaintiff with a largely groundless claim be allowed to take up the time and number of other people with the right to do so representing an in terrorem increment of the settlement value." **Twombly**, *supra*, 550 U.S. at 558 (citing **Dura Pharmaceuticals, Inc. v. Broudo**, 544 U.S. 336 (2005).)

Dismissal pursuant to Rule 12(b)(6) is appropriate where a complaint lacks a cognizable legal theory, or where insufficient facts are alleged to support the plaintiff's theory. **Balistreri v. Pacifica Police Dept.**, 901 F.2d 696, 699 (9th Cir. 1988). When it is clear that under no circumstances can

- 4 -

plaintiff present evidence to establish his claims, "it would be idle to go further and a motion to dismiss should be granted." **Van Camp Sea Food Co. v. Westgate Sea Products Co.**, 28 F.2d 957, 957-958 (9th Cir. 1928).

Normally, a court cannot consider material outside of the complaint. Schwarzer, et al., **Cal. Prac. Guide: Fed. Civ. Proc. Before Trial**, § 9:211, pp. 9-80 & 9-81 (Rutter Group 2014 ed.). However, material properly submitted with the complaint as exhibits, such as Asset Recovery's envelope and letter to plaintiff here, can be considered as part of the complaint for the purposes of a motion to dismiss. *Id.* at ¶ 9:212, p. 9-81. When a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations. *Id.*

**B. Plaintiff's Claims Against Oliphant Should Be Dismissed Because The Complaint Fails To Allege Facts Demonstrating That Oliphant Controlled Asset Recovery's Conduct.**

The complaint as against Oliphant should be dismissed because plaintiff has pled no facts whatsoever which, if true, demonstrate that Oliphant should be held vicariously liable for the actions taken solely by Asset Recovery. In fact, the claim against Oliphant is so bereft of supporting allegations it can fairly be labeled an "unadorned, the-defendant-unlawfully-harmed-me-accusation", which **Iqbal** explains is plainly insufficient to state a claim for relief. **Iqbal**, *supra*, 556 U.S. at 678.

On the issue of vicarious liability and the requisite amount of control that necessary to impose such liability, the case that plaintiff cited in her complaint, **Freeman v. ABC Legal Services Inc.**, 827 F.Supp.2d 1065 (N.D. Cal. 2011), is instructive. (*See* Compl. p. 4, fn. 1).

In **Freeman**, ABC Legal Services' motion to dismiss was denied because the plaintiff's complaint actually *did* allege numerous facts demonstrating ABC Legal Services' control over the conduct of the process server, Granville Smith, who allegedly did not properly serve Ruby Freeman and filed a fraudulent proof of service stating that service was completed. **Freeman**, *supra*, 827 F.Supp.2d at 1068-1069. The court held that the complaint adequately alleged facts which, if true, demonstrated that ABC exercised the requisite amount of control over its process servers:

> Plaintiff sufficiently alleges that ABC effectively controls their process servers, including Smith, *by choosing their assignments, requiring personal performance tasks, restricting the substitution or assignment of their performance or assigned tasks, requiring them to use a GPS tracking*

- 5 -

*device, requiring detailed time reporting, and requiring the use of ABC's computer systems and software.*" *Id.* at 1076 (emphasis added).

Based on these allegations, the court held that Freeman "alleged enough facts to create a reasonable inference that ABC does control the manner in which Smith performs work and is therefore vicariously liable." *Id.*

In contrast, the complaint here contains only one conclusory allegation that Oliphant should be held vicariously liable for the conduct of Asset Recovery, and that allegation is merely *a conclusion based on information and belief*:

> Plaintiff is informed, believes and thereon alleges, that OLIPHANT is vicariously liable to Plaintiff, and the class she seeks to represent, for the acts of ARS.

*Complaint* ¶ 8.

Other cases from this District, including **Long v. Nationwide Legal File & Serve, Inc.**, 2013 WL 5219053 (N.D. Cal. 2013), similarly hold that control over the allegedly improper collection activity at issue is one of the two key elements of vicarious liability under the FDCPA:

> For NLFS to be vicariously liable for Railey's actions, two requirements must be met: (1) NLFS and Railey both must be "debt collectors" as defined by the FDCPA; and (2) *NLFS must have control over the actions of Railey*, who was an independent contractor of NLFS during the period at issue in this case.

**Long**, *supra*, 2013 WL 5219053 at *8 (emphasis added), *citing* **Freeman**, 827 F.Supp.2d at 1076.

Applying **Freeman** and **Long**, plaintiff has clearly failed to allege facts necessary to show that Oliphant exercised the requisite control over Asset Recovery. Again, the entire complaint is based on a letter *sent by* and *addressed from* Asset Recovery. *See Complaint* ¶¶ 15-23, Exhibits 1-2.

Plaintiff's citations in the complaint to **Fox v. Citicorp Credit Services**, 15 F.3d 1507 (9th Cir. 1994) and **Martinez v. Albuquerque Collection Services, Inc.**, 867 F.Supp. 1495 (D. N.M. 1994) are misplaced as well. (*See* Compl., p. 4, fn. 1). Both **Fox** and **Martinez** addressed vicarious liability in the context of litigation, where actions were taken in the name of and for the direct benefit of the creditor-client. Those same facts do not exist here. Oliphant is not automatically liable for everything that Asset Recovery does in attempting to collect a debt from a consumer like plaintiff. Plaintiff must plead facts (not mere conclusions) to show that Oliphant had the necessary control over Asset

Recovery such that it could have prevented the alleged violations – specifically, direct control over the manner in which Asset Recovery sends letters to consumers, and the types of envelopes used for that purpose. **Long**, *supra*, 2013 WL 5219053 at *8, **Freeman**, *supra*, 827 F.Supp.2d at 1076. Since she has made no effort to do that here, plaintiff's claims as to Oliphant must be dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's complaint as to Oliphant must be dismissed for failure to state a claim upon which relief can be granted. FRCP 12(b)(6).

Dated: February 17, 2015

ELLIS LAW GROUP LLP

By ____/s/ Brandon Reeves____
Brandon L. Reeves
Attorney for Defendant
OLIPHANT FINANCIAL, LLC