Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MEENA ARTHUR DATTA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MEENA ARTHUR DATTA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSET RECOVERY SOLUTIONS, LLC, an Illinois limited liability company,<br><br>Defendant. | Case No. 5:15-CV-00188-LHK-PSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:      March 10, 2016<br>Hearing Time:      2:00 p.m.<br>Hearing Judge:    Lucy H. Koh<br>Hearing Courtroom: 8, 4th Floor<br>Hearing Location:  280 South First Street<br>                   San Jose, California |

COMES NOW the Plaintiff, MEENA ARTHUR DATTA, by and through her counsel, Fred W. Schwinn and Raeon R. Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz & Associates, Ltd., and submits her <u>Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification</u>.

---

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:15-CV-00188-LHK-PSG

**TABLE OF CONTENTS**

I. NATURE OF THE CASE ..................................................................................................... 1

II. PLAINTIFF'S CLAIMS ...................................................................................................... 2

III. STANDARD FOR CLASS CERTIFICATION .................................................................. 2

IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION ................... 3

    A. THE CLASS IS ASCERTAINABLE ............................................................................. 3

    B. RULE 23(a)(1) – NUMEROSITY ................................................................................ 3

    C. RULE 23(a)(2) – COMMONALITY ............................................................................ 4

    D. RULE 23(a)(3) – TYPICALITY .................................................................................. 6

    E. RULE 23(a)(4) – ADEQUACY OF REPRESENTATION .............................................. 6

    F. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE ..................................... 8

    G. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY ........................................................................... 9

    H. CLASS CERTIFICATION PURSUANT TO 23(b)(3) IS APPROPRIATE ..................... 10

V. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005)..........................................2, 4, 5, 7, 8

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L. Ed. 2d 689 (1997).......2, 8, 10

*Appleyard v. Wallace*, 754 F.2d 955 (11th Cir. 1985)..................................................................6

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)...................................................................5, 6

*Baby Neal for and by Kanter v. Casey*, 43 F.3d 48 (3d Cir. 1994)...............................................5

*Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982)......................................................6

*Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999).................2, 8, 9, 10

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975).......................................................................2

*Brink v. First Credit Resources,* 185 F.R.D. 567 (D. Ariz. 1999)..............................................9

*Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002).................................2, 8, 9

*Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Ariz. 1982).................................................2

*Epstein v. MCA, Inc.*, 179 F.3d. 641 (9th Cir. 1999)..................................................................7

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012).........................3, 7

*Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).........................3

*Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).............................................................................9

*Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 142758 (N.D. Cal. Oct. 7, 2014).........7

*Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006)..............................2, 7, 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).........................................4, 5, 6, 8, 10

*Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161 (7th Cir. 1974)......................................9

*Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258 (S.D. Cal. 1988)...........................................4

*In re Tableware Antitrust Litig.*, 241 F.R.D. 644 (N.D. Cal. 2007).............................................3

1    *Irwin v. Mascott*, 186 F.R.D. 567 (N.D. Cal. 1999)..................................................................2, 8, 10

2    *Jacobson v. Persolve, LLC*, 2015 U.S. Dist. LEXIS 73313 (N.D. Cal. June 4, 2015).............7

3    *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998)..........................................................................5, 6

4
     *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984).................................6
5
     *Kostik v. ARS Nat'l Servs.*, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015)...............1
6
7    *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507 (9th Cir 1978).....................................7

8    *Littledove v. JBC & Assocs.,* No. S-00-0586, 2001 U.S. Dist. LEXIS 139
     (E.D. Cal., Jan. 11, 2001).................................................................................................................8
9
10   *Macarz v. Transworld Sys.*, 193 F.R.D. 46 (D. Conn. 2000)....................................................10

11   *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. Ill. 1997).............................................10

12   *McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)........................................................6

13
     *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. Ill. 2015).............................................3
14
     *O'Donovan v. Cashcall, Inc.*, 278 F.R.D. 479 (N.D. Cal. 2011)................................................4
15
16   *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986)..........................................................4

17   *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992)...................................................................6

18   *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986).................................................6

19
     *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431,
20   176 L. Ed. 2d 311 (2010)..................................................................................................................2

21   *Silva v. National Telewire Corp.*, No. 99-219, 2000 U.S. Dist. LEXIS 13986
     (D. N.H., Sept. 22, 2000)............................................................................................................5, 8
22
23   *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012).................................................3

24   *Styer v. Prof'l Med. Mgmt.*,
     --- F.Supp. ---, 2015 U.S. Dist. LEXIS 92349 (M.D. Pa. July 15, 2015)....................................1
25
26   *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665 (M.D. Fla. 1999).....................................................5

27   *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)..............................................8

28

1  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)..................................................................4

2  *Wallace v. NCL Ltd.*, 271 F.R.D. 688 (S.D. Fla. 2010)....................................................................3

3  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001).............................................2

**STATUTES**

15 U.S.C. § 1692f(8)......................................................................................................................1-2, 5

15 U.S.C. § 1692k(a)..........................................................................................................................2

15 U.S.C. § 1692k(b)..........................................................................................................................2

Cal. Civil Code § 1788.17..............................................................................................................1-2, 5

**RULES**

Fed. R. Civ. P. 23...................................................................................................................*passim*

Fed. R. Civ. P. 23(a)(1).......................................................................................................................3

Fed. R. Civ. P. 23(a)(2)....................................................................................................................4, 5

Fed. R. Civ. P. 23(a)(3).......................................................................................................................5

Fed. R. Civ. P. 23(a)(4)....................................................................................................................6, 7

Fed. R. Civ. P. 23(b)(3).....................................................................................................3, 8, 10, 11

**MISCELLANEOUS**

Manual for Complex Litigation-Fourth § 21.222 (4th ed. 2004).......................................................3

Newberg on Class Actions § 3:2 (5th ed. 2011)................................................................................3

# I. NATURE OF THE CASE

This class action case was brought by Plaintiff to address Defendant, ASSET RECOVERY SOLUTIONS, LLC's, ("Defendant"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Generally, Plaintiff is alleged to have owed a defaulted consumer debt which was placed, assigned, or otherwise transferred to Defendant for collection from Plaintiff. The violations stem from Defendant's communications attempting to collect a consumer debt from Plaintiff and similarly situated individuals. Generally, Defendant is alleged to have sent a collection letter (Exhibit "1") in an envelope (Exhibit "2") that was designed to disclose Defendant's identifying number for Plaintiff's account (i.e. "ARSL/1/6474509"), and a bar-code containing the same information, to anyone who handled or processed the envelope while in transit to the Plaintiff, in violation of 15 U.S.C. § 1692f(8) and Cal. Civil Code § 1788.17.[1]

Plaintiff moves this Court to certify this matter as a class action. Plaintiff requests the Court define the class as follows: The class is defined as (i) all persons with addresses in California, (ii) to whom Defendant sent, or caused to be sent, a collection letter in the form of Exhibit "1" in an envelope in the form of Exhibit "2," (iii) in an attempt to collect an alleged debt originally owed to HSBC Bank Nevada, N.A., (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office, (vi) during the period one year prior to the date of filing this action through the date of class certification.

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

///

---

[1] *See, Styer v. Prof'l Med. Mgmt.*, --- F.Supp. ---, 2015 U.S. Dist. LEXIS 92349 (M.D. Pa. July 15, 2015) (debt collector's use of glassine envelope which displayed QR code violated 1692f(8) as a matter of law); *and, Kostik v. ARS Nat'l Servs.*, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015) (consumer stated an FDCPA claim where debt collector's envelope displayed bar code through glassine window).

## II.  PLAINTIFF'S CLAIMS

In her <u>First Amended Class Action Complaint</u>,[2] Plaintiff alleges that it is the standard practice and policy of Defendant to send, or cause to be sent, collection letters in glassine window envelopes in the form of Exhibit "2" which seek to collect defaulted debts incurred for personal, family, or household purposes.  Plaintiff further alleges that it is the standard practice and policy of Defendant to send collection letters and envelopes in the form of Exhibit "2" which contain a QR (quick recovery) or bar code and the business name "Asset Recovery Solutions, LLC" in the return address, thereby indicating to anyone who handles or processes the envelope while in transit to the consumer, that it was sent by a company that is in the business of collecting debts, in violation of 15 U.S.C. §§ 1692f(8) and Cal. Civil Code § 1788.17.

## III.  STANDARD FOR CLASS CERTIFICATION

Under Fed. R. Civ. P., Rule 23, "[a] class action may be maintained if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of three categories described in subdivision (b)."[3]  "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case."[4]

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases.[5]

---

[2] Doc. 21.
[3] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010) (internal quotation marks omitted); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).
[4] *Blackie v. Barrack*, 524 F.2d 891, 901, fn. 16 (9th Cir. 1975).  *Also see, Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577, 579-80 (S.D. Cal. 2006).
[5] *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 544 (N.D. Cal. 2005); *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D. Cal. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Ariz. 1982).

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A. THE CLASS IS ASCERTAINABLE

"Defining the class is of critical importance because it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the "best notice practicable" in a Rule 23(b)(3) action. The definition must be precise, objective, and presently ascertainable."[6]

"As a prerequisite to class certification, some courts require that plaintiffs propose a class that is 'definite' or 'ascertainable.'"[7] The class definition must set forth an "ascertainable" class, i. e. - the members can be ascertained by reference to objective criteria. A class definition is "definite enough" to satisfy Fed. R. Civ. P. 23(a)(1) if it "is administratively feasible for the court to ascertain whether an individual is a member."[8] "An identifiable class exists if its members can be ascertained by reference to objective criteria."[9] Nothing in Rule 23 implies a heightened ascertainability requirement under Rule 23(b)(3).[10]

Here Plaintiff's proposed class is readily identifiable by a review of Defendant's computerized records. Thus, Plaintiff's proposed definition of the class is ascertainable.

### B. RULE 23(a)(1) – NUMEROSITY

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable."[11] "This requirement is met if the class is so large that joinder of all members is impracticable."[12] While a plaintiff need not state the exact number of class

---

[6] Manual for Complex Litigation-Fourth § 21.222 (4th ed. 2004).
[7] Newberg on Class Actions § 3:2 (5th ed. 2011).
[8] *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 650 (N.D. Cal. 2007) (citation omitted).
[9] *Stinson v. City of New York*, 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (citations omitted); *Wallace v. NCL Ltd.*, 271 F.R.D. 688 (S.D. Fla. 2010).
[10] *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. Ill. 2015).
[11] *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).
[12] *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012).

members and there is no threshold number above which impracticability is presumed,[13] as a general rule, "classes of 40 or more are numerous enough."[14]  "When the class is large, numbers alone are dispositive . . . ."[15]

Here, the class is so numerous that joinder of all members is impractical.  The class definition includes those persons in California that Defendant has sent, or caused to be sent, collection letters in the form of Exhibit "1" in an envelope in the form of Exhibit "2," attached to the First Amended Class Action Complaint.[16]  Defendant has admitted that it sent collection letters in the form of Exhibit "1" in envelopes in the form of Exhibit "2" to at least 10,000 California addresses from January 13, 2014, through the present.[17]  Because the 10,000 recipients of these letters are members of the class, as defined above, numerosity has been satisfied.  "Class actions are generally appropriate where standardized documents are at issue."[18]

### C.  RULE 23(a)(2) – COMMONALITY

Rule 23(a)(2) requires that there be a common question of law or fact.  A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).[19]  "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation."[20]  Where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them alleged illegal form letters or documents in illegal glassine envelopes

---

[13] *O'Donovan v. Cashcall, Inc.*, 278 F.R.D. 479, 488 (N.D. Cal. 2011).
[14] *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (internal quotations and citations omitted).
[15] *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986).
[16] Doc. 21.
[17] *See*, Declaration of Fred W. Schwinn in Support of Plaintiff's Motion for Class Certification at ¶ 4, Exhibit "B," Response to Request for Admission No. 23.
[18] *Abels*, 227 F.R.D. at 543.
[19] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).
[20] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

the commonality requirement is met. "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents."[21]

Moreover, not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members.[22] "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory."[23]

There are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. All class members were sent letters in the form of Exhibit "1" in envelopes in the form of Exhibit "2" (attached to the First Amended Class Action Complaint). As explained in Section II herein, the principal issues of law are whether Defendant's collection letters violated the FDCPA and the RFDCPA by disclosing the identifying number of Plaintiff's account and the business name "Asset Recovery Solutions, LLC" on the envelope to anyone who handled or processed the envelope while in transit to the Plaintiff, in violation of 15 U.S.C. §§ 1692f(8) and Cal. Civil Code § 1788.17.

"To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter."[24] "The plaintiff's and the class' claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the act . . . Therefore, the proposed class members share common questions of law and fact . . . "[25] FDCPA claims based on standard language in documents or standard practices are well suited for class certification.[26]

---

[21] *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted); *Abels*, 227 F.R.D. at 544.
[22] *Hanlon*, 150 F.3d at 1019; *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994).
[23] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).
[24] *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).
[25] *Silva v. National Telewire Corp.*, No. 99-219, 2000 U.S. Dist. LEXIS 13986 at *7-8 (D. N.H., Sept. 22, 2000).
[26] *Keele*, 149 F.3d at 594.

It is also important to note that there is no question in this case concerning the validity of the underlying debt.[27] Thus, Plaintiff has satisfied the commonality requirement of Rule 23(a)(2).

### D. RULE 23(a)(3) – TYPICALITY

Rule 23(a)(3) requires the claims of the named plaintiff to be typical of the claims of the class.[28]

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.[29]

In *Abels v. JBC Legal Group, P.C.*,[30] the Northern District of California stated, "Each of the class members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the same violations of the FDCPA. Therefore, this Court concludes that claims of the class representative arc [sic] typical of the claims of the class."[31]

In the instant case, each of the class members were sent the same letter in the same envelope, which Plaintiff claims violates the FDCPA and the RFDCPA. Here, typicality is inherent in the class definition, *i.e.*, each of the class members were subject to the same demands and violations of the FDCPA and as Plaintiff.

Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

### E. RULE 23(a)(4) – ADEQUACY OF REPRESENTATION

The rule also requires that the named plaintiffs provide fair and adequate protection for the

---

[27] *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); *McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) (same).
[28] *Hanlon*, 150 F.3d. 1011.
[29] *Armstrong*, 275 F.3d at 869; *See also, Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele*, 149 F.3d at 595.
[30] 227 F.R.D. 541.
[31] *Id.* at 545.

interests of the class.[32]  That protection involves two factors: (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class.[33]

Plaintiff understands her responsibilities as class representative.[34]  She is represented by experienced counsel whose qualifications are set forth in Declaration of Fred W. Schwinn, Declaration of Raeon R. Roulston, and Declaration of O. Randolph Bragg.  This Court has determined, most recently in *Gold v. Midland Credit Mgmt.*,[35] and again in *Jacobson v. Persolve, LLC*,[36] that all three of the aforementioned counsel for Plaintiff are qualified and competent to serve as class counsel.  Additionally, the Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions."[37]  "Plaintiff's counsel demonstrate they have sufficient experience to adequately represent the class members."[38]

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Plaintiff and the class members seek statutory damages as well as equitable relief as the result of Defendant's unlawful collection practices.  Given the identical nature of the claims of Plaintiff and the class members, there is no potential for conflicting interests in this action.  There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Plaintiff has satisfied the adequate representation requirement of Rule 23(a)(4).

---

[32] *Epstein v. MCA, Inc.*, 179 F.3d. 641 (9th Cir. 1999).
[33] *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir 1978).  *See also, Evon*, 688 F.3d at 1031.
[34] *See* Declaration of Meena Arthur Datta in Support of Plaintiff's Motion for Class Certification.
[35] 2014 U.S. Dist. LEXIS 142758 (N.D. Cal. Oct. 7, 2014) (Freeman, J.).
[36] 2015 U.S. Dist. LEXIS 73313 (N.D. Cal. June 4, 2015) (Koh, J.).
[37] *Abels*, 227 F.R.D. at 545.
[38] *Gonzales*, 233 F.R.D. at 583.

**F. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.[39] This criterion is normally satisfied when there is an essential, common factual link between all class members and the defendant for which the law provides a remedy.[40] In this case, the "common nucleus of operative fact," is that all class members, by definition, were subjected to Defendant's policy of sending collection letters in the form of Exhibit "1" in envelopes in the form of Exhibit "2," attached to the First Amended Class Action Complaint,[41] which are alleged to violate the FDCPA and RFDCPA. The legal issues arising from Defendant's letters are the same for each class member.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis.[42] Because of the standardized nature of Defendant's conduct, common questions predominate. "Predominance is a test readily met in certain cases alleging consumer . . . fraud. . . ."[43] In *Abels*, the court stated in support of certifying the class,

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member. Here, the issues common to the class-namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA-are predominant. Plaintiff's Complaint centers around these issues.[44]

---

[39] *Hanlon*, 150 F.3d at 1019.
[40] *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); *See also, Silva*, 2000 U.S. Dist. LEXIS 13986 at *11 ("The standardized nature of the defendant's conduct satisfied the requirement for common questions of law or fact.").
[41] Doc. 21.
[42] *See Gonzales*, 233 F.R.D. at 582; *Abels*, 227 F.R.D. at 543; *Clark*, 204 F.R.D. 662; *Littledove v. JBC & Assocs.*, No. S-00-0586, 2001 U.S. Dist. LEXIS 139 (E.D. Cal., Jan. 11, 2001); *Ballard*, 186 F.R.D. at 589; *Irwin*, 186 F.R.D. at 567.
[43] *Amchem*, 521 U.S. at 624.
[44] *Abels*, 227 F.R.D. at 547.

The instant case is similar to *Abels*. The only individual issue is the identification of the consumers who were subjected to Defendant's practice and policy of sending letters in the form of Exhibit "1" in envelopes in the form of Exhibit "2." This is a matter capable of ministerial determination from the Defendant's records. This is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class' factual issues and the issues of law predominate over any individual questions.

### G. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented.[45] The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action."[46] It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually."[47]

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendants' practice.[48] Class actions are a more efficient and consistent means of trying the legality of a collection letter.[49]

The efficacy of consumer class actions is recognized particularly where the individual's claim is small.

---

[45] *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).
[46] *Ballard*, 186 F.R.D. at 600.
[47] *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).
[48] *Clark*, 204 F.R.D. at 666.
[49] *Ballard*, 186 F.R.D. at 589; *Brink v. First Credit Resources*, 185 F.R.D. 567 (D. Ariz. 1999).

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement . . . Thus, many claims could not be successfully asserted individually. Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery. In this sense, the proposed class action is paradigmatic. A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.[50]

Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually."[51] "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."[52] "Defendant would no doubt benefit from [a denial of certification], as the vast majority, if not all, of those potential plaintiffs would fail to pursue [...] claims. But [Defendant's] desire to limit [its] exposure in damages cannot be a criteria for assessing the appropriateness of a class action. Rather, the Court must keep in mind the 'private attorney general' enforcement mechanism chosen by Congress in enacting the FDCPA."[53] Class certification of an FDCPA damage action will provide an efficient and appropriate resolution of the controversy.[54]

### H. CLASS CERTIFICATION PURSUANT TO 23(b)(3) IS APPROPRIATE

An action may be maintained as a class action under Rule 23(b)(3) if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

As explained above, Plaintiff has satisfied all of the requirements pertinent to a class action.

---

[50] *Hanlon*, 150 F.3d at 1023.
[51] *Ballard*, 186 F.R.D. at 600 (citations omitted).
[52] *Amchem*, 521 U.S. at 617, *citing Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. Ill. 1997).
[53] *Macarz v. Transworld Sys.*, 193 F.R.D. 46, 55 (D. Conn. 2000).
[54] *See Irwin*, 186 F.R.D. 567; *Ballard*, 186 F.R.D. 589.

Moreover, as discussed in this Memorandum, Plaintiff has shown that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Therefore, Plaintiff requests the Court find that this class action is suitable for certification pursuant to Rule 23(b)(3).

## V.  CONCLUSION

The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3).  Plaintiff, MEENA ARTHUR DATTA, respectfully requests that the Court certify this action as a class action.

oo0oo

|   |   |
|---|---|
|   | CONSUMER LAW CENTER, INC. |
| Dated:  October 15, 2015 | By: /s/ Raeon R. Roulston |
|   | Fred W. Schwinn (SBN 225575) |
|   | Raeon R. Roulston  (SBN 266522) |
|   | CONSUMER LAW CENTER, INC. |
|   | 12 South First Street, Suite 1014 |
|   | San Jose, California  95113-2418 |
|   | Telephone Number: (408) 294-6100 |
|   | Facsimile Number: (408) 294-6190 |
|   | Email Address: fred.schwinn@sjconsumerlaw.com |
|   |   |
|   | O. Randolph Bragg (Pro Hac Vice) |
|   | HORWITZ, HORWITZ & ASSOCIATES, LTD. |
|   | 25 East Washington Street, Suite 900 |
|   | Chicago, Illinois  60602-1716 |
|   | Telephone Number: (312) 372-8822 |
|   | Facsimile Number: (312) 372-1673 |
|   | Email Address: rand@horwitzlaw.com |
|   |   |
|   | Attorneys for Plaintiff |
|   | MEENA ARTHUR DATTA |