UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEENA ARTHUR DATTA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSET RECOVERY SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 15-CV-00188-LHK<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND AWARDING COSTS**<br><br>Re: Dkt. No. 137, 139 |

Plaintiff Meena Arthur Datta ("Plaintiff") brings this action against Defendant Asset Recovery Solutions, LLC ("Defendant").[1] Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 137, and Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 139.

WHEREAS, a class action is pending before the Court in *Datta v. Asset Recovery Solutions, LLC*, No. 15-CV-00188-LHK;

WHEREAS, the Court has received and reviewed the Class Action Settlement Agreement and Release entered into between Meena Arthur Data as class representative and Asset Recovery

---

[1] Plaintiff filed her initial complaint against Asset Recovery Solutions, LLC and Oliphant Financial, LLC. Oliphant Financial, LLC was dismissed from this action pursuant to a stipulation of dismissal on March 9, 2015. ECF No. 22.

1

Case No. 15-CV-00188-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL AND AWARDING COSTS

Solutions, LLC, dated on or about November 16, 2016 (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein;

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on March 18, 2016, this Court certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3): (i) all persons with addresses in California, (ii) to whom Defendant sent, or caused to be sent, a collection letter in the form of Exhibit "1" in an envelope in the form of Exhibit "2," (iii) in an attempt to collect an alleged debt originally owed to HSBC Bank Nevada, N.A., (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office, (vi) during the period one year prior to the date of filing this action through the date of class certification. ECF No. 66.

WHEREAS, pursuant to the Court's ruling certifying the class: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA"), Cal. Civil Code § 1788.17 as alleged in the Complaint, (C) the claims of the named plaintiff are typical of the Class Members' claims; (D) the named plaintiff is appropriate and adequate representatives of the Class and her attorneys are qualified to serve as counsel for Plaintiff and the Class (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members

WHEREAS, on January 13, 2017, this Court entered an order preliminarily approving the Settlement Agreement, approving the form and method of notice with amendments, and setting a date and time for a Final Approval Hearing to consider whether the Settlement should be finally approved by the Court as being fair, adequate, and reasonable, ECF No. 133 ("Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Class members be

given notice of the Settlement Agreement and of the date for the Final Approval Hearing;

WHEREAS, the Court has received the declaration of the Claims Administrator attesting to the mailing of the Notice in accordance with the Preliminary Approval Order, ECF No. 140;

WHEREAS, no objections have been made to the Settlement; and

WHEREAS, the Court having conducted a Final Approval Hearing on April 27, 2016, and having considered the arguments presented, all papers filed and all proceedings had therein;

**IT IS HEREBY ORDERED** as follows:

1. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

2. The Court has jurisdiction over the subject matter of this action, all Class members, and Defendants.

3. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Class members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the notice implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law.

4. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects and resulted from contested litigation, substantial discovery, motion practice, and arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a) the strength of Plaintiffs' case;

(b) the risk, expense, complexity, and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

5. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, and adequate for the Class members. The Parties are directed to fulfill the Settlement Agreement in accordance with its terms.

6. By the effective date of the Settlement Agreement, Defendant is to cause the amount of $5,000 (the Settlement Fund) to be paid to the Settlement Administrator to be distributed to the *cy pres* designee on behalf of the class, the Pro Bono Project of Silicon Valley.

7. The Court APPROVES payment of $1,000 to named Plaintiff Meena Arthur Datta for her individual claims.

8. The Court APPROVES payment of costs in the amount of $17,000.00, which the Court finds to be fair and reasonable, to Class Counsel in accordance with the terms of the Settlement Agreement.

9. Except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

10. In consideration of the benefits contained in the Settlement Agreement, each of the Class members who have not validly excluded himself/herself from this Settlement have fully, finally, and forever released, relinquished, and discharged all claims against Defendants in accordance with the terms of the Settlement Agreement and as the released claims are defined in the Settlement.

11. Without affecting the finality of the Court's judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement Agreement and its terms; (b) distribution of the *cy pres* award; and (c) all other proceedings related to the implementation, interpretation,

4

administration, consummation, and enforcement of the terms of the Settlement Agreement, and the administration of claims by Class members.

**IT IS SO ORDERED.**

Dated: April 27, 2017

_____
LUCY H. KOH
United States District Judge